UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**REGINALD BREWER**                                                                    **PLAINTIFF**

v.                                                                    CIVIL CASE 3:17-cv-536-WHB-JCG

**JHON DOE and BAPTIST**                                                       **DEFENDANTS**
**HOSPITAL**

### REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte*, following a review of Plaintiff Reginald Brewer's Response[1] (ECF No. 9) to the Court's Order Requiring Plaintiff to Complete Attached Questionnaire (ECF No. 7). Having reviewed Plaintiff's Response, the undersigned recommends Plaintiff's claims be dismissed without prejudice because this Court lacks jurisdiction to hear his claims.

### I. BACKGROUND

Plaintiff Reginald Brewer filed his Complaint (ECF No. 1) on July 7, 2017, naming two defendants to his law suit: an unnamed "Jhon Doe," and Baptist Hospital. Because the Court was "not able to adequately read and understand Plaintiff's handwritten allegations," the Court ordered Plaintiff "to resubmit the Statement of Claim section of his Complaint in a legible format." (ECF No. 3, at 2). Plaintiff resubmitted his Statement of Claim on August 4, 2017. *See* (ECF No. 4). Thereafter, the Court required Plaintiff to complete and return a Questionnaire prepared by the Court. *See* (ECF No. 7). Plaintiff filed his Response (ECF No. 9) to

---

[1] Plaintiff's Response is an unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. *See* (ECF No. 9, at 4).

the Questionnaire on August 30, 2017. Accordingly, the Court has consulted all three of Plaintiff's filings in construing his allegations. He proceeds *pro se* and *in forma pauperis*.

Plaintiff alleges that his father went to a dentist in Forest, Mississippi, Dr. Kara, to get teeth pulled and the dentist improperly pulled out some of his teeth, causing his father to develop pneumonia in his left lung. (ECF No. 4, at 1); (ECF No. 9, at 2-3). This dentist is the "Jhon Doe" defendant. His father was hospitalized for this infection at Baptist Hospital on June 15, 2015. Plaintiff alleges that his father died at Baptist Hospital as a result of "neglect[,] not being fe[d, and being] given pills by mouth when Dr. Quall left a sign at [the] head of [the] bed stating to give medicine by I.V. only." (ECF No. 9, at 3). Plaintiff states that the hospital also violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") by giving out his father's medical information (although it is unclear to whom) without Plaintiff's permission. *See* (ECF No. 4, at 1); (ECF No. 9, at 3). In relief, Plaintiff seeks "$3.5 million for each of his 3 children." (ECF No. 9, at 2).

One of the questions in the Court's Questionnaire asked, "Did you send Baptist Hospital or the dentist a notice of claim pursuant to Section 15-1-36(15) of the Mississippi Code Annotated before filing this lawsuit? If so, when?" *Id.* at 1. Plaintiff's Response was that he had not because "[he] was not aware that [he] had to do a notice of claim." *Id.* However, he "informed the manager at Baptist Hospital" about the bases of his claims and that he "will be filing a lawsuit." *Id.*

## II. DISCUSSION

Because Plaintiff proceeds *in forma pauperis*, his claims are subject to screening under 28 U.S.C. § 1915(e)(2), which provides,

> [T]he court shall dismiss the case at any time if the court determines that –
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>  (i) is frivolous or malicious;
>  (ii) fails to state a claim on which relief may be granted; or
>  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court finds that Plaintiff's claims should be dismissed without prejudice because this Court is without jurisdiction to hear Plaintiff's claims.

A. <u>Plaintiff Has Failed to Comply with the Notice Requirements of Miss. Code. Ann. § 15-1-36(15)</u>

Plaintiff's suit alleges medical negligence claims against Defendants Doe and Baptist Hospital. A liberal construction of his complaint suggests that he is pursuing a wrongful death cause of action. Section 15-1-36(15) of the Mississippi Code Annotated requires that pre-suit notice be provided to health care providers for medical negligence claims:

> No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations,

3

> the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.

Miss. Code Ann. § 15-1-36(15).

The Mississippi Supreme Court has held that "health care provider" refers to all individuals delineated in Section 15-1-63(1): "a licensed physician, osteopath, dentist, hospital, institution for the aged or infirm, nurse, pharmacist, podiatrist, optometrist or chiropractor." *See Saul v. Jenkins,* 2006-CA-01118-SCT (¶¶8, 10), 963 So.2d 552, 554-55, (Miss. 2007); *Hooper v. Jurich*, No. 1:13-cv-102-LG-JMR, 2014 WL 347272, at *2 (S.D. Miss. Jan. 30, 2014). Further, the Mississippi Supreme Court requires strict compliance with this notice requirement. *Fowler v. White*, 2011-CA-00286-SCT (¶13), 85 So.3d 287, 291 (Miss. 2012). Because this requirement is jurisdictional, a lawsuit must be dismissed without prejudice if proper notice is not provided. *Id.; Hooper*, 2014 WL 347272, at *1.

The second question of the Questionnaire asked Plaintiff, "Did you send Baptist Hospital or the dentist a notice of claim pursuant to Section 15-1-36(15) of the Mississippi Code Annotated before filing this lawsuit? If so, when?" (ECF No. 9, at 1). Plaintiff responded as follows [all sic in original]: "No but I informed the manager at Baptist Hospital abt the Hippa Clause and neglect my father received, I was not aware that I had to do a notice of claim. Also made the manager of Baptist Hospital aware that I will be filing a lawsuit." *Id.* By Plaintiff's own admission, he

4

did not provide either defendant with written notice of this suit as required by § 15-1-36(15).

Although the "dentist in Scott County" is identified as "Jhon Doe" in Plaintiff's Complaint (ECF No. 1, at 1), (ECF No. 4, at 1), the dentist is not a defendant "whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name." Miss. Code. Ann. § 15-1-36(15). Plaintiff identified the dentist in his Questionnaire Response as "Dr. Kara" of Metro Dental Forest, 1287 MS-35, Forest, MS, 39074. (ECF No. 9, at 2). Therefore, Plaintiff's medical negligence claims against "Jhon Doe" and Baptist Hospital should be dismissed without prejudice because the Court lacks jurisdiction to hear them.

B. <u>Additionally, Plaintiff Lacks Article III Standing to Assert Claims on Behalf of his Father</u>

To the extent that Plaintiff articulates something other than a wrongful death claim, he may not assert claims that belonged to his father. "Article III standing implicates the federal judiciary's power to adjudicate disputes; it can be neither waived nor assumed." *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation*, 32 F.3d 205, 208 (5th Cir. 1994) (citations omitted). A federal court's jurisdiction can be invoked only when the plaintiff herself has suffered some threatened or actual injury. *Id*. Indeed, a party generally does not have standing "to champion the rights of another," and even "[a]n indirect financial stake in another party's claims is insufficient to create standing." *Id*. (internal quotation marks omitted). Plaintiff may not assert claims – whether predicated upon negligence or violations of HIPAA

– on behalf of his late father. Plaintiff lacks Article III standing to assert claims other than a wrongful death cause of action because they are not his claims. Therefore, the Court lacks jurisdiction to hear such claims. *Id.* (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1972)).

C. <u>Additionally, and Alternatively, HIPAA Does Not Create a Private Right of Action</u>

Plaintiff alleges that Baptist Hospital gave out his father's information without Plaintiff's permission, in violation of HIPAA. (ECF No. 4, at 1). "HIPAA generally provides for confidentiality of medical records." *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006). However, it does not create a private right of action. *Id.* "Rather, an individual's 'only redress for an alleged HIPAA violation is to lodge a written complaint with the Secretary of Health and Human Services….'" *Brown v. Hill*, 174 F. Supp. 3d 66, 71 (D.D.C. 2016) (citations omitted); *see also Thomas v. Univ. of Tenn. Health Sci. Ctr.*, No. 217CV02263SHMTMP, 2017 WL 2570907, at *2 (W.D. Tenn. June 14, 2017) ("If a person believes that a covered entity or business associate is not complying with HIPAA, her only recourse is to file a complaint with the Secretary."). Plaintiff's claim that his father's HIPAA rights were violated should be dismissed for failure to state a claim.

D. <u>Additionally, and Alternatively, the Statute of Limitations Has Run on Plaintiff's Claims Against Baptist Hospital and "Jhon Doe"</u>

Additionally, Plaintiff's claims against Baptist Hospital and the dentist are time-barred by the relevant statute of limitations. Section 15-1-36(2) of the Mississippi Code Annotated provides,

> For any claim accruing on or after July 1, 1998, … no claim in tort may be brought against a licensed physician, osteopath, dentist, hospital, institution for the aged or infirm, nurse, pharmacist, podiatrist, optometrist or chiropractor for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered….

Miss. Code. Ann. § 15-1-36(2).

Plaintiff states that his father visited Baptist Hospital on June 15, 2015. (ECF No. 9, at 1). The dentist allegedly provided his father with care three months before his father was provided care at Baptist Hospital. (ECF No. 4, at 1). Plaintiff states that the dentist's negligence necessitated his father's hospital visit. *See id.* He describes having personally observed the neglect while staying with his father in the hospital, such that he "informed the manager at Baptist Hospital [about his father's neglect and] made the manager of Baptist Hospital aware that [he] will be filing a lawsuit." *See id.* at 1-2; (ECF No. 9, at 1-3). Plaintiff was aware of the acts giving rise to his claims against Baptist Hospital and the "Jhon Doe" dentist on June 15, 2015. Accordingly, the two-year statute of limitations accrued on June 15, 2017; however, Plaintiff did not file the instant suit until July 7, 2017. Plaintiff has not demonstrated circumstances warranting a tolling of this limitations period. His claims against Baptist Hospital should, therefore, be dismissed as time-barred

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice because the Court lacks jurisdiction over

his claims. Alternatively, his claims should be dismissed for failure to state a claim upon which relief can be granted.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which she objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which she did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

The Clerk of Court is Ordered to send this Report and Recommendation to Plaintiff Reginald Brewer's address of record via certified mail.

**SIGNED,** this the 3rd day of October, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE