IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**REGINALD BREWER**                                                    **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 3:17-cv-536-WHB-JCG**

**J[OH]N DOE AND BAPTIST HOSPITAL**                                    **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Report and Recommendation ("R and R") of United States Magistrate Judge John C. Gargiulo. After considering the R and R[1] and the other pleadings in this case, the Court finds it should be adopted in its entirety.

### I. Discussion

Reginal Brewer ("Brewer") filed a lawsuit[2] in this Court alleging that after his father had several teeth "improperly" pulled by a dentist named Dr. Kara, he developed pneumonia. Brewer further alleged that after developing pneumonia, his father was hospitalized at Baptist Hospital in Jackson, Mississippi, and later died because of the negligent care he received at that facility.

The lawsuit came before United States Magistrate Judge John C.

---

[1] Plaintiff was required to file an objection to the R and R on or before November 6, 2017. No objection was filed.

[2] As Brewer is proceeding *pro se*, the allegations in his pleadings have been liberally construed. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

Gargiulo who entered the R and R that is presently before the Court. In his R and R, Judge Gargiulo recommends that the lawsuit be dismissed, without prejudice, because the Court lacks subject matter jurisdiction over the case or, in the alternative, because Brewer has failed to state a claim upon which the Court can grant relief. First, Judge Gargiulo found that the Court could not exercise jurisdiction over Brewer's state law negligence claims against Dr. Kara or Baptist Hospital because he failed to comply with the mandatory notice requirement of Mississippi Code Annotated Section 15-1-36(15). See R and R [Docket No. 11], at 3-5. Second, Judge Gargiulo found that the Court could not exercise jurisdiction over any claim alleged by Brewer that did not arise from his father's alleged wrongful death, including his claims under the Health Insurance Portability and Accountability Act ("HIPPA"), because Brewer would not have standing to litigate those claims. Id. at 5-6. Finally, Judge Gargiulo found that (1) any HIPPA claim alleged by Brewer was subject to dismissal because that Act does not create a private right of action, and (2) any negligence-related claim alleged by Brewer against Dr. Kara and Baptist Hospital was subject to dismissal because his Complaint had been filed after the statute of limitations on those claims had expired. Id. at 6-7. Based on these findings, Judge Gargiulo recommended that Brewer's Complaint be dismissed, without prejudice, on the grounds that the Court lacks jurisdiction to hear his claims. Id. at 7-8. In the alternative, Judge Gargiulo recommended that

Brewer's Complaint be dismissed because he had failed to state a claim upon which relief could be granted by the Court.  Id.

After reviewing the R and R, to which no objection was filed, as well as the pleadings in this case, the Court agrees that this case should be dismissed, without prejudice, for the reasons given by Judge Gargiulo.  Accordingly, the Court will adopt Judge Gargiulo's R and R recommending the dismissal without prejudice of this case.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the October 3, 2017, Report and Recommendation of United States Magistrate Judge John C. Gargiulo [Docket No. 11], is hereby adopted as the ruling of this Court.

A Order of Dismissal, dismissing this case without prejudice, shall be entered this day.

SO ORDERED this the 14th day of November, 2017.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE